UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO CRISTIAN MIZAEL DAMACIO MAZARIEGOS, <br><br> (A No. 245-655-095) <br><br> Petitioner, <br><br> v. <br><br> WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al., <br><br> Respondents. | Case No. 1:26-cv-04348-JLT-HBK <br><br> ORDER DENYING THE PETITION FOR HABEAS CORPUS; DENYING PETITIONER'S REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT <br><br> (Docs. 1, 2.) |

## I.    INTRODUCTION

Before the Court is Sergio Cristian Mizael Damacio Mazariegos's request for a temporary restraining order (Doc. 2), filed in conjunction with his second petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing immigration detention. (Doc. 1.) For the reasons set forth below, the Court **DENIES** the petition for writ of habeas corpus.

## II.    FACTUAL & PROCEDURAL BACKGROUND

This Court has summarized the factual and procedural history behind this action in a previous order and incorporates that summary by reference here. (*See* Case No. 1:26-cv-02530-JLT-HBK, Doc. 9.) On April 22, 2026, this Court issued a judgment granting Petitioner's

petition for writ of habeas corpus and denying his request for a temporary restraining order as moot. (*Id*.) In granting the petition, the Court ordered Respondents to provide Petitioner with an individual bond hearing at which Respondents bear the burden of proof by clear and convincing evidence to show that Petitioner's detention is warranted.[1] (*Id*. at 3.)

On May 1, 2026, Petitioner was given a bond hearing where an immigration judge determined that Respondents had met their burden to prove that Petitioner's continued detention was justified based on flight risk. (Doc. 1 at 2.) On June 8, 2026, Petitioner filed a second petition for habeas corpus, arguing that his continued detention without an adequate bond hearing violates this Court's prior habeas corpus order and, necessarily, his Fifth Amendment due process rights. (*See generally,* Doc. 1.) Petitioner now seeks an order granting, *inter alia*, his immediate release or, alternatively, an order directing Respondents to provide him with a new bond hearing. (*Id*. at 11.)

### III.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.*

---

[1] The relevant part of this Court's April 22, 2026, order reads as follows:

> **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents **SHALL** immediately release Petitioner.

(Case No. 1:26-cv-02530-JLT-HBK, Doc. 9 at 3.)

*R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

This Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.' " *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (*quoting Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

## IV.    DISCUSSION[2]

Petitioner argues that habeas relief is warranted because the IJ improperly denied bond at his May 1, 2026 bond hearing and abused their discretion by finding that Respondents proved by clear and convincing evidence that Petitioner was a flight risk.  (Doc. 1 at 9.) In support,

---

[2] This Court has previously waived the prudential exhaustion requirement in procedurally similar cases. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (finding that petitioner satisfied irreparable injury *Laing* factor by "demonstrating the irreparable harm that would result from wrongful detention, which may result given the lengthy time it takes to have an appeal decided."); *see also*, *Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (holding that where a Petitioner seeks to enforce a prior habeas order in which an explicit finding of irreparable harm due to continued detention was made, such a previous finding satisfies the second *Laing* factor for the purposes of the prudential exhaustion requirement); *SEHAJVEER SINGH (A-No. 245-003-055), Petitioner, v. WARDEN OF GOLDEN STATE ANNEX FACILITY, et al., Respondents*, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508 at *3 (E.D. Cal. May 13, 2026) (same). The Court therefore adopts the reasoning of the above-mentioned cases and waives the prudential exhaustion requirement here on similar grounds.

Petitioner cites the IJ's (1) failure to provide an individualized assessment of flight risk, (2) failure to consider less restrictive alternatives to detention, (3) failure to consider mitigating evidence of flight risk, such as Petitioner's compliance with ICE check-ins and his offer to surrender his passport. (*Id.*)

The Ninth Circuit has explained that an IJ's failure to cite every piece of evidence in the record does not amount to clear error. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000); *See Cole v. Holder*, 659 F.3d 762, 772 (holding that only "potentially dispositive testimony and documentary evidence" must be specifically addressed). "When nothing in the record or the [IJ's] decision indicates a failure to consider all the evidence," a court will rely on the agency's statement that it considered all the evidence before it. *See Cole*, 659 F.3d at 771. But when there is an indication that something is amiss, like if the [IJ's] "misstat[es] the record" or "fail[s] to mention highly probative or potentially dispositive evidence," courts do not credit its use of a "catchall phrase" to the contrary. *Id*. at 771-72.

To the extent that Petitioner argues that the IJ placed too little weight evidence of his compliance with ICE check-ins and his offer to surrender his passport, the Court lacks the ability to "second-guess the immigration judge's weighing of the evidence." *Calmo v. Sessions*, 2018 WL 2938628, at *4 (holding that where the evidence is undisputed, "differences in interpretation of the facts" remain "well within the province of the immigration judge"). As such, Petitioner fails to demonstrate that "something is amiss" in regard to the IJ's consideration of the evidence. *See Cole*, 659 F.3d at 771.

As to the IJ's flight risk assessment, that is not a question for this Court. Complaints about application of BIA case law to Petitioner and IJ's weighing of factors must be presented through the normal immigration appeal process. Given that the Court finds that the IJ did not violate Petitioner's due process rights, Petitioner has not demonstrated why habeas relief would be appropriate in this case. If Petitioner's detention becomes unreasonably prolonged, Petitioner may raise a due process challenge at that time. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 877–82 (E.D. Cal. 2022) (finding that petitioner's one-year detention under § 1226(c) entitled him to a bond hearing).

## V.    CONCLUSION AND ORDER

1.    Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.    Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **DENIED** as moot.

3.    The Clerk of the Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:    **June 19, 2026**

UNITED STATES DISTRICT JUDGE